## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| CHERRY SOMERVILLE-WEBB | \* |
| Plaintiff, | \* |
| V. | \* Civil Action No._____ |
| PETE HEGSETH, SECRETARY U.S. DEPARTMENT OF WAR, | \* Jury Demanded |
| Defendant. | \* |

## COMPLAINT

COMES NOW Plaintiff Cherry Somerville-Webb, by and through her undersigned counsel, and sues Department of War (Department of Defense Education Activity) ("Agency" or "Defendant") and for cause of action states as follows:

### NATURE OF THE CASE

1. Plaintiff Cherry Somerville-Webb ("Plaintiff" or "Ms. Webb") brings this civil action for relief from Defendant's discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* and the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et al.* for relief from discrimination based on race, disability, and retaliation (prior protected EEO activity).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under laws of the United States, specifically the Title VII. 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1343.

3. Venue is appropriate and based on the fact that all of the actions complained herein took place within Alexandria, Virginia, and are the result of the actions of Defendant, a federal agency that operates within the state of Virginia.

## PARTIES

4. Plaintiff is a resident of the State of Florida, residing at 7392 Old Magnolia Court in Navarre, Florida 32566.

5. At all times relevant herein, Plaintiff was employed by Defendant as a full-time HR Specialist within the Department of Defense Education Activity Human Resources office in Alexandria, Virgina.

6. Defendant is a federal agency with an office located in 4800 Mark Center Drive, Alexandria, Virginia 22350, and the events and circumstances took place in Virginia.

## EXHAUSTION OF REMEDIES

7. Plaintiff timely contacted the United States Equal Employment Opportunity Commission ("EEOC") and filed a complaint against the Agency alleging violations of Title VII, identified as EEOC Charge No. 570-2024-00812X.

8. Plaintiff has exhausted all of her administrative remedies.

9. On or about September 25, 2023, Plaintiff timely submitted a Formal Complaint of Discrimination to the EEOC.

10. On or about November 27, 2024, Plaintiff filed an appeal with the EEOC Office of Federal Operations ("OFO") from the Agency's November 1, 2024, final decision.

11. On December 3, 2025, the EEOC OFO issued its decision on appeal, affirming

the Agency's final decision finding no discrimination.

12. In its decision the EEOC OFO issued Plaintiff a "Right to File a Civil Action," which provided her with 90-days from receipt of that decision to file her federal lawsuit.

13. Plaintiff hereby timely files this action within 90 days after receipt of the EEOC's notice of the right to sue.

## FACTS

14. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

15. Plaintiff began working for the Agency in January 2018 as a Program Analyst. In June 2021, the Agency promoted Plaintiff to HR Specialist. During the relevant period, Plaintiff's first line supervisor was Jennifer Eybl, Human Capital Management Branch Chief. In or around June or July 2023, Dr. Vickie Lindsey became Plaintiff's first-line supervisor.

16. Plaintiff is African American.

17. In June 2022, Plaintiff's medical provider diagnosed her with anxiety, depression, and insomnia, which are permanent medical conditions and causes her to be disabled.

18. Plaintiff's disabilities affect her major life activities including sleep, concentration, focus, and communication, but performed the essential functions of her job, developing recruitment strategies, execute HR practices related to recruitment, and post and maintain logs of positions filled.

19. Plaintiff at all times relevant was able to perform the essemtia duties of her position with or without a reasonable accommodation.

20. Because of action taken by the Agency, Plaintiff submitted an EEO complaint in June 22 alleging race and disability discrimination.

21. In July 2022, Ms. Eybl reduced Plaintiff's ability to telework, after learning about her protected activity in June 2022.

22. Upon information and belief, other similarly situated employees who had the same performance as Plaintiff, who did not have prior EEO activity, did not have their ability to telework reduced.

23. In April 2023, the Agency issued Plaintiff an order to return to work in person on May 1, 2023, following approved leave from January 19, 2023, to April 30, 2023, to address her ongoing mental health conditions.

24. On May 3, 2023, Plaintiff complied with the order, which triggered an anxiety flare. Plaintiff barely made it to her cubicle before she passed out. A coworker called an ambulance, and Plaintiff was admitted to the hospital that morning.

25. On or around April 28, 2023, and again on May 5, 2023, Plaintiff submitted a request for full-time telework.

26. On June 21, 2023, Plaintiff's request for full-time telework as a reasonable accommodation was unreasonably denied by Ms. Eybl.

27. Upon information and belief, other similarly situated employees who had the same performance as Plaintiff, who did not have prior EEO activity, did not have their

accommodation request denied.

28. The Agency approved Plaintiff to telework through July 1, 2023, but beginning on July 2, Plaintiff would have to take leave if she could not report into the office on her scheduled in-office days beyond teleworking Mondays and every other Friday.

29. Plaintiff was able to perform all of her job duties satisfactorily while on telework.

30. The Agency also informed Plaintiff they would initiate a reassignment search for vacant and funded positions.

31. Plaintiff does not believe that the Defendant conducted a full and complete job search.

32. On July 14, 2023, the Agency denied Plaintiff's request for reconsideration for full-time telework, but advised that she could continue to telework through August 22, 2023, when the reassignment search was scheduled to conclude.

33. Plaintiff was unreasonably denied a reasonable accommodation.

34. Plaintiff's request for a reasonable accommodation would not have been a hardship on the Agency.

35. Upon information and belief, other similarly situated employees who had the same performance as Plaintiff, who did not have prior EEO activity, did not have their accommodation request denied.

36. By letter dated August 25, 2023, the Agency concluded the reassignment search, stating that there were no available positions available, and again denied Plaintiff's request for

full-time telework and did not offer any alternative accommodation.

37. Upon information and belief, Ms. Eybl granted another employee, Tina Nelson (Caucasian, no EEO activity), full-time remote work.

38. The Agency denied Plaintiff a reassignment, even though she was qualified for an open, vacant, and available position.

39. On August 29, 2023, Plaintiff asked the Agency about reassignment to three vacant positions: the Program Analyst she applied for, a Contract Specialist position, and a Public Affairs Specialist position.

40. Plaintiff had previously applied for, and was deemed qualified, for the Contract Specialist position and Public Affairs Specialist position, but was not deemed qualified based on her race and disability.

41. After denying her accommodation request, the Agency ordered Plaintiff to return to the office.

42. On September 19, 2023, Dr. Lindsey placed Plaintiff in an Absent Without Leave (AWOL) status.

43. Plaintiff remained in AWOL status until the Agency proposed her removal from the federal service. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of Respondeat Superior.

## CAUSES OF ACTION

### COUNT ONE

6

**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.**
**(Race Discrimination)**

44. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

45. As a result of Plaintiff's protected status and participation in protected activity, Plaintiff's supervisors denied her telework request and failed to offer an effective alternative as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII.

46. Plaintiff was also denied a reassignment even though she was qualified for a vacant position at the time, and was charged with AWOL.

47. Defendant treated Complainant worse than her similarly situated non-African-American colleagues, and granted telework for a Caucasian employee.

48. Ms. Eybl singled out Complainant and her African American colleague for inquiring about the Agency's leave policies, labeling them "problem children." She did not make similar disparaging statements about the Caucasian employees who needed to take leave.

49. Plaintiff believes that she was subjected to discrimination based on her race and disability based on Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint.

50. Plaintiff has incurred loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**COUNT TWO**
**Rehabilitation Act of 1973, 29 U.S.C. § 701, *et al***

7

**(Failure to Accommodate)**

51. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

52. As a result of Plaintiff's protected status and participation in protected activity, Plaintiff's supervisors denied her telework request and failed to offer an effective alternative as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII.

53. Plaintiff was also denied a reassignment even though she was qualified for a vacant position at the time, and was charged with AWOL.

54. Defendant treated Complainant worse than her similarly situated non-African-American colleagues, and granted telework for a Caucasian employee.

55. Ms. Eybl singled out Complainant and her African American colleague for inquiring about the Agency's leave policies, labeling them "problem children." She did not make similar disparaging statements about the Caucasian employees who needed to take leave.

56. Plaintiff believes that she was subjected to discrimination based on her race and disability based on Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint.

57. Plaintiff has incurred loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**COUNT THREE**
**Title VII of the Civil Rights Act of 1964, as amended, 42**
**U.S.C. §§ 2000e, et seq.**
**(Reprisal for Prior Protected EEO activity)**

58. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

59. Soon after filing her EEO complaint, Plaintiff was subjected to adverse actions alleged throughout this Complaint.

60. Defendant subjected Plaintiff to the aforementioned adverse employment actions because of her participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII.

61. Defendant, including Plaintiff's supervisors, knew of Plaintiff's engagement in protected activity prior to engaging in the aforementioned adverse actions when they were informed by Plaintiff.

62. The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having previously engaged in protected EEO activity.

63. Plaintiff's prior protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

64. Plaintiff's prior protected activity was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

65. Similarly situated employees (no known prior EEO activity) were not subjected to the same, similar or any adverse treatment.

66. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

67. Defendant's unlawful conduct negatively impacted the terms, conditions and

privileges of Plaintiff's employment.

68. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her participation and opposition to Defendant's discriminatory conduct.

69. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of Respondeat Superior.

70. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages - including but not limited to benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs, and is entitled to all available legal and equitable remedies.

## COUNT FOUR
### Rehabilitation Act of 1973, 29 U.S.C. § 701, *et al*
### (Reprisal for Prior Protected EEO activity)

71. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

72. Soon after filing her EEO complaint, Plaintiff was subjected to adverse actions alleged throughout this Complaint.

73. Defendant subjected Plaintiff to the aforementioned adverse employment actions because of her participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII.

74. Defendant, including Plaintiff's supervisors, knew of Plaintiff's engagement in protected activity prior to engaging in the aforementioned adverse actions when they were informed by Plaintiff.

75. The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having previously engaged in protected EEO activity.

76. Plaintiff's prior protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

77. Plaintiff's prior protected activity was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

78. Similarly situated employees (no known prior EEO activity) were not subjected to the same, similar or any adverse treatment.

79. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

80. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

81. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her participation and opposition to Defendant's discriminatory conduct.

82. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of Respondeat Superior.

83. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages - including but not limited to benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs, and is entitled to all available legal and equitable remedies.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant her the following relief:

a) Enter a declaratory judgment finding that the foregoing actions of Defendant violated 42 U.S.C. § 2000e *et seq*. and 29 U.S.C. § 701, *et al*;

b) Enter a permanent injunction directing Defendant to take all affirmative steps necessary to remedy the effects of the illegal and discriminatory conduct described herein and to prevent similar occurrences in the future;

c) Award compensatory damages in a proven and determined amount to compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress caused by the conduct of Defendant alleged herein;

d) Award reasonable attorney fees, costs, and expenses incurred for this action;

e) Award equitable, declaratory, and injunctive relief;

f) Pre- and post-judgment interest;

g) Award Plaintiff punitive damages; and

    h)    Order such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Dated: March 3, 2026                    Respectfully Submitted,

*/s/ Pamela Johnson Branch*
Pamela Johnson Branch, Esq., VSB #41008
Senior Counsel
Tully Rinckey, PLLC
2001 L Street, Suite 902
Washington, D.C. 20036
202-375-2241 (office)
202-640-2059 (fax)
pbranch@fedattorney.com

*/s/ Donna Williams Rucker*
Donna Williams Rucker, Esq., DC Bar # 446713
Managing Partner
*Admitted Pro Hac Vice*
Tully Rinckey, PLLC
2001 L Street, Suite 902
Washington, D.C. 20036
202-375-2212 (office)
202-640-2059 (fax)
drucker@fedattorney.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing Complaint was filed via CM/ECF on the 3rd day of March 2026:

Pete Hegseth, Secretary
United States Department of War
1400 Defense Pentagon
Washington, DC 20301-1400

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

                */s/ Pamela Johnson Branch*
                Pamela Johnson Branch, Esq.
                VSB # 41008
                TULLY RINCKEY, PLLC
                2001 L Street, N.W., Suite 902
                Washington, D.C. 20036
                202-375-2241 (direct)
                202-640-5049 (facsimile)
                pbranch@fedattorney.com

                *Counsel for Plaintiff*